IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 05-00189 HG-KSC |
| | ) |
| Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PETITIONER'S  MOTION FOR |
| | ) AWARD OF ATTORNEY'S FEES |
| KERRY BLAINE, Individually | ) AND COSTS |
| and as General Partner of | ) |
| Kauai Gofer Service and | ) |
| SHONE M. FOX, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S
MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

On March 17, 2006, Respondents Kerry Blaine,

Individually and as General Partner of Kauai Gofer

Service, and Shona Fox ("Respondents") filed a

Supplemental Reply Brief Regarding Petitioner's Request

for Attorneys' Fees and Costs.  On March 24, 2006,

Petitioner United States of America ("Petitioner")

filed a Response to Respondents' Supplemental Reply

Brief Regarding Petitioner's Request for Attorneys'
Fees and Costs.

Pursuant to Local Rule 7.2(d) of the Local
Rules for the United States District Court for the
District of Hawaii, the Court finds this matter
suitable for disposition without a hearing.  After
careful consideration of the supplemental memoranda and
the record herein, the Court FINDS and RECOMMENDS that
Petitioner's request for attorney's fees and costs be
GRANTED and that Petitioner be awarded attorney's fees
in the amount of $2,925.30 and costs in the amount of
$2,107.27, for a total award of $5,032.57.

<u>Background</u>

On February 17, 2005, Petitioner filed a
Petition to Enforce Internal Revenue Service ("IRS")
Summonses against Respondents.  On May 17, 2005, the
Court issued an Order Adopting the Magistrate Judge's
Judge's Findings and Recommendation that (1) the United
States' Petition to Enforce the IRS Summonses be
Granted and (2) Respondents' Motion to Dismiss the

2

Government's Petition be Denied.  Respondents were directed to comply with the summonses by producing relevant documents and by providing testimony.

On July 7, 2005, Respondents appeared before IRS Revenue Agent Stephen Nomura and asserted their Fifth Amendment privilege in response to every question and did not produce any documents.  On October 19, 2005, Petitioner filed a motion requesting that Respondents be held in contempt for their failure to respond to the summonses.  At the show cause hearing held on November 22, 2005, Respondents stated that they were willing to attempt to comply with the Court's May 17, 2005 Order.  Consequently, the Court continued the show cause hearing until January 11, 2006 and ordered Respondents to produce documents by December 13, 2005.

On December 16, 2005, Respondents sent counsel the Declaration of Shona M. Fox and the Declaration of Kerry Blaine.  In those declarations, Respondents provided answers to certain questions and indicated

that they did not have any documents to produce.  On
January 3, 2006, Respondents produced some documents.

     Prior to the show cause hearing on January 11,
2006, the parties agreed to interview Respondents
immediately following the conclusion of the hearing.
Based on the status of the case, the Court continued
the hearing until March 13, 2006 and set a final
deadline of February 1, 2006 for production of
documents.  At the interview on January 11, 2006,
Respondents answered all questions posed to them, but
did not produce all responsive documents at that time.
The parties agreed to continue the interviews until
February 17, 2006, by which time Respondents were to
have produced all responsive documents.

     Prior to February 17, 2006, Respondents
produced additional documents.  On February 17, 2006,
Respondents and their counsel failed to appear for the
scheduled interviews. Counsel for Petitioner traveled
to Honolulu for the interviews and was not informed
that Respondents and their counsel were not going to

appear until after the time for the interview had
passed.  The interviews were held on February 23, 2006,
and Respondents were in compliance with the Court's May
17, 2005 Order.

### Legal Standard

Under the American Rule, parties to a lawsuit
bear their own attorneys' fees.  <u>Buckhannon Board &
Care Home, Inc. v. West Virginia Department of Health &
Human Resources</u>, 532 U.S. 598 (2001).  To recoup
attorneys' fees, the award of fees must be explicitly
authorized by statute or other legal authority.  <u>See
generally</u>, <u>Stanton Road Association v. Lohrey
Entertainment</u>, 984 F.2d 1015, 1018 (9th Cir. 1993).
Consequently, a threshold requirement to success in any
motion for attorneys' fees, is that the prevailing
party demonstrate an entitlement to the requested fees
by pointing to a specific authorizing rule, statute or
contract term.

It is within the Court's discretion to award
attorney's fees for civil contempt.  <u>General Signal</u>

5

Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir.
1986).  Civil contempt need not be willful to justify a
discretionary award of fees and expenses. See Perry v.
O'Donnell, 759 F.2d 702, 705-06 (9th Cir. 1985).  The
purpose of civil contempt is remedial. Id. at 705
((citing Falstaff Brewing Corp. v. Miller Brewing Co.,
702 F.2d 770, 778 (9th Cir. 1983) (one purpose of civil
contempt is "to compensate the contemnor's adversary
for the injuries which result from the
noncompliance")).

### Discussion

The Court, considering the totality of
circumstances, finds that an award of attorney's fees
and costs is justified in this case.  First, the Court
notes the fact that Respondents did not begin to comply
with the Court's May 17, 2005 Order until after
Petitioner filed a Motion for Contempt.  In addition,
Respondents did not fully comply with the Order until
February 23, 2006, almost nine months after the Court
ordered Respondents to comply with the summonses.

Petitioner's counsel appeared in Hawaii three times in
an attempt to obtain the information requested by the
summonses.  Finally, Respondents failed to appear at
the meeting on February 17, 2006 without notifying
Petitioner's counsel beforehand.

Despite Respondents' delay in compliance, the
Court recognizes that it appears that Respondents did
make good faith efforts to comply with the summonses
following Petitioner's filing of the Motion for
Contempt.  Civil contempt need not be willful however,
and the purpose of awarding attorneys' fees and costs
for civil contempt is to compensate Petitioner for
losses resulting from Respondents' contempt.  The
Court, in exercising its discretion, will award
Petitioner's attorneys' fees and costs as follows.

I.   Attorney's Fees

A determination of reasonable attorneys' fees
typically begins with the traditional "lodestar"
calculation set forth in Hensley v. Eckerhart, 461 U.S.
424, 433 (1983).  The Supreme court instructs that the

7

most useful starting point to determine a reasonable

fee is "the number of hours reasonably expended

multiplied by a reasonable hourly rate."  Id.

        "After making this computation, the district

court then assesses whether it is necessary to adjust

the presumptively reasonable lodestar figure on the

basis of the Kerr factors[1] that are not already subsumed

in the initial lodestar calculation[2]." Morales v. City

---

[1]  The Kerr factors are (1) the time and labor
required; (2) the novelty and difficulty of the
questions involved; (3) the skill requisite to perform
the legal service properly; (4) the preclusion of other
employment by the attorney due to acceptance of the
case; (5)the customary fee; (6) whether the fee is
fixed or contingent; (7) time limitations imposed by
the client or the circumstances; (8) the amount
involved and the results obtained; (9) the experience,
reputation, and ability of the attorneys; (10) the
"undesirability of the case; (11) the nature and length
of the professional relationship with the client; and
(12) awards in similar cases.  Kerr v. Screen Guild
Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975); cert.
denied, 425 U.S. 951 (1976).

[2]  The subsumed factors are: "(1) the novelty and
complexity of the issues; (2) the special skill and
experience of counsel; (3) the quality of
representation...(4) the results obtained," Cabrales v.
County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir.
1988).

<u>of San Rafael</u>, 96 F.3d 359, 363-64 (9th Cir.
1996)(citations omitted).  There is a strong
presumption that the lodestar represents a reasonable
fee and it should only be adjusted in rare instances.
<u>Id.</u> (citation omitted).

    A.  <u>Reasonable Hourly Rate</u>

    A reasonable hourly rate is "calculated
according to the prevailing market rates in the
relevant community." <u>Blum v. Stenson</u>, 465 U.S. 886,
895 (1984).  In determining a reasonable hourly rate,
the district court must consider "'the experience,
skill, and reputation of the attorney requesting
fees.'" <u>D'Emanuele v. Montgomery Ward & Co., Inc.</u>, 904
F.2d 1379, 1384 (9th Cir. 1990) (quoting <u>Chalmers v.
City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th
Cir.1986), <u>amended</u>, 808 F.2d 1373 (9th Cir. 1987)).  In
light of these factors, the rate should reflect "the
prevailing market rate in the community." <u>Id.</u>
Further, the fee applicant "has the burden of producing
satisfactory evidence, in addition to the affidavits of

9

its counsel," to show that the rates are reflective of reasonable prevailing rates for similar services. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  If the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation, it is deemed to be reasonable.

Respondents do not challenge Petitioner's counsel's hourly rate of $159.20.  The Court finds that this rate is reasonable and in accordance with prevailing rates in the community for similar services.

B.  Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees must demonstrate that the fees and costs taxed are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  The court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have

10

been avoided.  See id. at 637 (citing INVST Fin. Group
v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir.
1987), cert. denied, 484 U.S. 927 (1987)).

The court has "discretion to 'trim fat' from,
or otherwise reduce, the number of hours claimed to
have been spent on the case."  Soler v. G & U, Inc.,
801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)(citation
omitted); see also Gates, 987 F.2d at 1399.  Time
expended on work deemed "excessive" shall not be
compensated.  See id.

In determining a reasonable number of hours,
the court may, in its discretion, exclude hours that
are excessive or duplicative.  See Hensley, 461 U.S. at
434.  A reduction in hours is appropriate where
counsel's billing records indicate substantial
duplication of effort or inefficiency.  See id.
("Counsel . . . should make a good-faith effort to
exclude from a fee request hours that are excessive,
redundant, or otherwise unnecessary."); see also
Schwarz v. Sec'y of Human Services, 73 F.3d 895, 909

11

(9th Cir. 1995) (affirming district court's reduction
of fees due to excessive hours claimed by counsel).

Finally, the party seeking the fee bears the
burden of submitting evidence to support the hours
worked, while the party "opposing the fee application
has a burden of rebuttal that requires submission of
evidence to the district court challenging the accuracy
and the reasonableness of the hours charged or the
facts asserted by the prevailing party in its submitted
affidavits." Gates, 987 F.2d at 1397-98 (citing Blum,
465 U.S. at 892 n.5); see also Hensley, 461 U.S. at
433.    Attorney Hendon seeks $3,900 in attorney's
fees representing 24.5 hours of legal work.  The Court
notes at the outset that Attorney Hendon's time entries
of hours expended do not contain sufficient detail and
are not "broken down by hours or fractions thereof
expended on each task" as required by Local Rule
54.3(d) of the Local Rules of the United States
District Court for the District of Hawaii.  For
example, Attorney Hendon's first time entry reads, "I

spent approximately 13.5 hours preparing for and
attending the hearing on the United States' motion for
contempt."  The Court finds that this time entry, as
well as the others, do not contain the required amount
of specificity, as there are no dates provided for the
work done or a breakdown of tasks completed.  While
under the Kerr factors the number of hours may be
reasonable for the tasks completed, the Court does not
have specific information before it to enable it to
properly assess the reasonableness of the number of
hours expended.  Consequently, the Court reduces the
number of hours expended by Attorney Hendon by twenty-
five (25) percent.  Accordingly, the Court finds that
the total number of reasonable hours expended is 18.375
and finds that Petitioner should be awarded $2,925.30
in attorney's fees.

II. Costs

        Petitioner seeks a total of $2,107.27 in costs
and lists the following expenses in the Declaration of
Jeremy N. Hendon filed on March 6, 2006:

| Description | Amount |
|---|---|
| **November 22, 2005 Trip to Hawaii** | |
| One-half of the airfare | $332.15 |
| One-half of the taxi fees to the airport | $60.00 |
| One-half of the hotel | $396.80 |
| One-half of the car rental and gas | $69.78 |
| Parking at the courthouse on day of hearing | $7.00 |
| One-half of the per diem | $312.00 |
| **January 11, 2006 Trip to Hawaii** | |
| One-fourth of the airfare | $184.83 |
| One-fourth of the taxi fees to the airport | $28.75 |
| One-fourth of the hotel | $238.08 |
| One-fourth of the car rental and gas | $40.87 |
| Parking at the courthouse on day of hearing | $7.00 |
| One-fourth of the per diem | $156.00 |
| **February 17, 2006 Trip to Hawaii** | |
| Airfare | $191.60 |

| | |
|---|---|
| Travel management center fee | $21.50 |
| Taxi costs | $43.00 |
| Parking at Honolulu airport | $9.00 |
| Mileage for driving to Honolulu airport | <u>$8.91</u> |
| | |
| TOTAL COSTS | $2,107.27 |

Petitioner's counsel seeks costs related to the three trips he made to Hawaii for the Motion for Contempt hearings.  Since Petitioner's counsel had hearings for other cases to attend in Hawaii during the November 25, 2005 trip and the January 11, 2006 trip, Petitioner has reduced the amount of costs sought accordingly.  Nevertheless, Respondents object to the amount of costs requested by Petitioner.

With respect to the November 22, 2005, trip, Respondents argue that they should only be charged for one day, November 21, 2005, since counsel checked out on November 22, 2005 and incurred no lodging charges on that day.  The total hotel costs should total $158.72. Respondent also argue that they should only be charged

15

$16.34 for the car rental, representing one day of the rental and gas.  Respondents argue that the parking charge should only be $1.50.  Finally, Respondents object to the per diem charges since it is to cover lodging, meals, and incidentals.  Respondents submit that the total cost for the November 22, 2005 trip is $581.91.

With respect to the January 11, 2006 trip, Respondents object to the hotel costs and claim that they should only be charged $158.72, representing one day.  In addition, Respondents argue that they should only be charged $16.75 for the car rental, representing one day and gas.  Respondents again object to the per diem charges.  Respondents submit that the total cost for the January 11, 2005 trip is $406.54.

Respondents do not object to the amount of costs requested for the February 17, 2006 trip.

Awards of costs for attorney travel expenses are routinely granted.  <u>See</u> <u>International Woodworkers of America, AFL-CIO, Local 3-98 v. Donovan</u>, 792 F.2d

16

762, 767 (9th Cir. 1986).  Despite Respondents'
objections, the Court finds that the costs sought by
Petitioner are reasonable.  Had Petitioner been
required to travel to Hawaii solely for Respondents'
case, the costs would likely have been significantly
greater.  The Court finds that Petitioner's counsel's
reduction of his costs according to the number of cases
for which the trip to Hawaii was made is fair and
reasonable.  Consequently, the Court finds that
Petitioner should be awarded $2,107.27 in costs.

<u>Conclusion</u>

        Based on the foregoing, the Court FINDS and
RECOMMENDS that Petitioner's request for attorney's
fees and costs be GRANTED and that Petitioner be
awarded attorney's fees in the amount of $2,925.30 and
costs in the amount of $2,107.27, for a total award of
$5,032.57.

17

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, May 4, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 05-00189 HG-KSC.  UNITED STATES OF AMERICA vs. KERRY BLAINE, ET AL.;
FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR AWARD OF ATTORNEY'S FEES
AND COSTS