IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 05-00189 HG-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KERRY BLAINE, Individually and | ) | |
| as General Partner of Kauai | ) | |
| Gofer Service, and SHONA M. | ) | |
| FOX, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER ADOPTING IN PART AND MODIFYING IN PART
THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE
TO GRANT PETITIONER'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS**

Respondents Kerry Blaine, Individually and as General
Partner of Kauai Gofer Service, and Shona Fox ("Respondents")
have filed an Objection to the Magistrate Judge's Findings and
Recommendation to Grant Petitioner's Motion for Award of
Attorneys' Fees and Costs.  For the reasons set forth below, the
Court ADOPTS IN PART and MODIFIES IN PART the Findings and
Recommendation of the Magistrate Judge.

**PROCEDURAL HISTORY**

On February 17, 2005, Petitioner United States of America
filed a Petition to Enforce IRS Summonses.

On March 11, 2005, Respondents filed an Answer to the United
States' petition and an Opposition to the United States'

petition.

On March 16, 2005, Respondents filed a Motion to Dismiss Government's Petition and Quash Summons.

On March 22, 2005, Petitioner filed a Reply to Respondents' Opposition to the United States' Petition.

On March 22, 2005, Petitioner filed a Response to Respondents' Motion to Dismiss.

On March 24, 2005, Respondents filed a Reply to Petitioner's Response in Opposition to Respondents' Motion to Dismiss.

On March 24, 2005, Respondents filed a Reply in Opposition to Petitioner's Reply to Respondents' Opposition to Petition to Enforce IRS Summonses.

On March 30, 2005, Magistrate Judge Kevin S.C. Chang issued a Findings and Recommendation granting Petitioner's petition to enforce the IRS Summonses and denying Respondents' Motion to Dismiss the United States' petition and quash the summonses.

On April 8, 2005, Respondents filed a Notice of Objection to the Findings and Recommendation.

On April 22, 2005, Petitioner filed a Response to Respondents' Objection to the Findings and Recommendation.

On May 17, 2005, the Court entered an Order overruling Respondents' objection to the Findings and Recommendation and adopting the March 30, 2005 Findings and Recommendation.

On October 19, 2005, Petitioner filed a motion requesting

2

that Respondents be held in contempt for their failure to respond to the summonses.

On November 8, 2005, Respondents filed an opposition to Petitioner's motion for contempt.

On November 14, 2005, Petitioner filed a reply to Respondents' Opposition.

On November 22, 2005, at the show cause hearing, Respondents stated that they were willing to attempt to comply with the Court's May 17, 2005 Order.  The Court continued the show cause hearing until January 11, 2006, and ordered Respondents to produce the required documents by December 13, 2005.

On January 11, 2006, the parties agreed to continue the interviews until February 17, 2006, by which time Respondents were to have produced all responsive documents.

On March 13, 2006, the hearing on the Motion to hold Respondents in contempt was held, and counsel agreed to submission on supplemental briefs, limited in scope to attorneys' fees and costs.

On March 17, 2006, Respondents filed a supplemental reply brief.

On March 24, 2006, Petitioner filed a response to Respondents' Supplemental Reply Brief.

On May 5, 2006, Magistrate Judge Chang entered a Findings and Recommendation to Grant Petitioner's Motion for Award of

Attorneys' Fees and Costs.

On May 10, 2006, Petitioner filed an Objection to the Findings and Recommendation.

On May 19, 2006, Respondents filed an Objection to the Findings and Recommendation.

On June 1, 2006, Petitioner filed a Response to Respondents' Objection to the Findings and Recommendation.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made.  See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge.  Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

The Court has reviewed the parties' original motions and

4

memoranda, Defendants' objections, and Plaintiffs' replies to Defendants' objections. The Court has also reviewed the declarations of Jeremy N. Hendon, Jennifer D. Auchterlonie, Shona Fox and Kerry Blaine.  The Court has come to an independent decision about Petitioner's Motion for Attorneys' Fees and Costs. There is no need to hold a hearing on the matter.

Respondents do not object to the recommendation that the Petitioner is entitled to its costs and fees, but only object as to the amount awarded.  Respondents object to the Findings and Recommendation of the Magistrate Judge Granting Petitioner's Motion for Attorneys' Fees and Costs ("Findings") on two grounds. First, Respondents argue that the amount of costs recommended by the Magistrate Judge are not reasonable and correct, as Respondents should not have to pay for one-half of the entire costs of Petitioner's five-day stay in November 2005 and a six-day stay in January 2006.  Second, Respondents contend that the award of per diem recommended by the Magistrate Judge is not correct, alleging various calculations that they believe make it incorrect for the attorneys to collect subsistence and per diem.

Petitioner asserts that the Magistrate Judge properly recommended that the United States be granted its reasonable attorneys' fees and costs associated with bringing and arguing its motion for contempt, but objects in part to the amount awarded.  Petitioner puts forth that the Magistrate Judge failed

to consider and address the requested attorneys' fees for work
performed by Attorney Jennifer D. Auchterlonie with respect to
the United States' Motion for Contempt.

**A.    THE AMOUNT APPORTIONED BY THE MAGISTRATE JUDGE IS REASONABLE
AND CORRECT**

Respondents argue that the Magistrate Judge ignored the
number of days Petitioner's counsel stayed in connection with
this case for the first visit, designated as the November 22,
2005 trip ("November trip"), and the second trip of January 11,
2006 ("January trip").  Respondents set forth that Petitioner has
the burden to explain to the Court why Respondents should bear
one-half of the burden of the November trip, which was a five-day
stay, and the January trip, which was a six-day stay, arguing
that they should only be assessed for one day for both trips.
(See Respondents' Supplemental Reply Brief at 4-8.)  Respondents
also contend that Petitioner has the burden of proof to explain
and support why Respondents' case required it to have counsel
here with a rental car for eleven days.

The Magistrate Judge specifically discussed the fact that
counsel for the Petitioner appeared in Hawaii for hearings on
multiple cases for each trip.  (See Findings at 15-17.)  The
Magistrate Judge correctly pointed out that "[h]ad Petitioner
been required to travel to Hawaii solely for Respondents' case,
the costs would have been significantly greater." (Id. at 17.)

Had Respondents been required to pay the entire amount for a

6

one-day trip, including the entire airfare, without the benefit of an apportionment, the cost would have been greater.  As Petitioner pointed out, if required to pay the entire costs of a one-day stay for the November trip, Respondents would have to pay the entire cost of the airline ticket, or $664.30, and taxi cab fares to and from the airport totaling $120.00, one day car rental of $27.20, one day of gas totaling $2.34, and the parking charge of $7.00.  Respondents put forth that the total they should pay for hotel costs for the November trip should be $158.72.  (See Respondents' Supp. Reply Br. at 5.)  Without the apportionment suggested by the Magistrate Judge, the total cost for the November trip would have been $979.56.

Had Respondents been required to pay the entire cost of a one-day stay for the January trip, Respondents would have been required to pay the total amount of the airline ticket, or $739.32 and taxi cab fares to and from the airport totaling $115.00.  As per Respondents' assertions, they would also have to pay one night lodging cost of $158.72, one day car rental of $25.49, one day of gas totaling $1.75, and the parking charge of $7.00.  Without the apportionment suggested by the Magistrate Judge, Respondents' total cost for the January trip would have been $1,047.28.

Respondents did not object to the costs associated with the February 17, 2006 trip ("February trip"), totaling $274.01.

7

Adding up the total costs of the three trips, without taking into consideration any apportionment and charging Respondents for a stay of only one day, the total costs incurred by Petitioner would be $2,300.85, which is higher than the $2,107.27 total recommended by the Magistrate Judge.

It is important to note that this is basing the hotel rate on a single night stay.  The Court agrees with Petitioner's contention that at a bare minimum, Petitioner's counsel would have to stay two nights.  (See Petitioner's Resp. to Respondents' Obj., FN 1 at 4.)  Even without considering a minimum of a two-night stay, however, the unapportioned cost to Respondents is still higher than the apportioned costs.

Respondents argue that the United States must show why its counsel spent more than one day for each trip.  The Magistrate Judge awarded travel expenses, citing <u>International Woodworkers of America, AFL-CIO, Local 3-98 v. Donovan</u>, 792 F.3d 762, 767 (9th Cir. 1986).  The Magistrate Judge reviewed Respondents' position on costs and found that the costs sought by Petitioner were reasonable.  (Findings at 16-17).

The Magistrate Judge is correct in awarding the apportioned costs sought by the Petitioner and in finding that Respondents benefitted from the apportioned costs.  The Magistrate Judge's award of $2,107.27 is fair and reasonable, and the Court ADOPTS this section of the Magistrate Judge's Findings and

Recommendation.

**B.**   **The Magistrate Judge's Award of Per Diem Is Correct**

Respondents also argue that the Magistrate Judge was incorrect in awarding both "subsistence" and the "per diem allowance." (See Respondents' Obj. at 2-3.) Respondents contend that the definitions in 5 U.S.C. § 5701(3) and (4) prohibit Petitioner from "mixing subsistence and per diem." (Id. at 3).

5 U.S.C. § 5701(3) defines "subsistence" as "lodging, meals, and other necessary expenses for the personal sustenance and comfort of the traveler." 5 U.S.C. § 5701(4) defines "per diem allowance" as "a daily payment instead of actual expenses for subsistence and fees or tips to porters and stewards." Respondents set forth that once Petitioner's counsel elects to take the actual "subsistence" for lodging, counsel must also take actual and necessary charges for meals and other necessary expenses such as telephone charges, etc. 41 C.F.R. § 301-11.5 specifies in part that "Per diem expenses will be reimbursed by the: (a) Lodgings-plus per diem method."

Respondents allege that Petitioner wants to charge subsistence for lodging and then take a blanket per diem charge for other items of subsistence. (Respondents' Obj. at 3). Petitioner is not claiming the lodging cost by itself and then claiming it a second time in the per diem amount. Exhibit "D" attached to the Declaration of Jeremy N. Hendon, filed March 6,

2006, is evidence that the meals and incidentals per diem for the island of Oahu was $96 per night and the lodging cost was $129 per night.  Petitioner did not claim an overlapping amount.

The Magistrate Judge's recommendation that Petitioner is entitled to its lodging costs plus per diem and the apportionment of these costs is appropriate, and the Court ADOPTS this section of the Magistrate Judge's Findings and Recommendation.

## C.    **Attorneys' Fees for Attorney Jennifer D. Auchterlonie**

Petitioner objected to the award for attorneys' fees, claiming that the Magistrate Judge overlooked the time spent by Attorney Jennifer D. Auchterlonie.  Respondents did not file a reply to Petitioner's objection.  The Magistrate Judge did properly grant reasonable attorneys' fees for the work of Attorney Jeremy N. Hendon, but made no mention of the work performed by Attorney Auchterlonie with respect to Petitioner's Motion for Contempt.

Attorney Auchterlonie seeks $10,984.80 in attorneys' fees, representing 69 hours of legal work.  Attorney Auchterlonie's time entries of hours expended do not contain sufficient detail and are not "broken down by hours or fractions thereof expended on each task" as required by Local Rule 54.3(d) of the Local Rules of the United States District Court for the District of Hawaii.  Attorney Auchterlonie's first time entry, for example, reads, "I spent approximately 26 hours preparing the United

States' motion for contempt."   (Auchterlonie Decl. at ¶ 4.)

Attorney Auchterlonie's time entries do not contain the required amount of specificity, as there are no dates provided for the work done or a breakdown of tasks completed.  The Court reduces the number of hours to be compensated, as the Court does not have specific information before it to enable it to properly assess the reasonableness of the number of hours expended.  The number of hours expended by Attorney Auchterlonie is reduced by twenty-five (25) percent. The Court therefore AMENDS the Magistrate Judge's Findings and Recommendation, finding that the total number of reasonable hours expended is 51.75 and $8,238.60 in attorneys' fees.

## CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED that:

1.  The Findings and Recommendation of the Magistrate Judge are ADOPTED AS MODIFIED.

2.  Petitioner is awarded attorneys' fees in the amount of $2,925.30 for the hours expended by Attorney Jeremy N. Hendon.

3. Petitioner is awarded attorneys' fees in the amount of $8,238.60 for the hours expended by Attorney Jennifer D. Auchterlonie.

4.   Petitioner is awarded costs in the amount of $2,107.27.

5.   Petitioner's total award, including attorneys' fees for

11

both attorneys and costs is $13,271.17.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 21, 2006.



                                 _/s/ Helen Gillmor_____
                                 Chief United States District Judge

<u>United States of America v. Kerry Blaine, Individually and as General Partner of Kauai Gofer Service, and Shona Fox</u>, Civ. No. 05-00189 HG-KSC; **ORDER ADOPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE TO GRANT PETITIONER'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**